UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JPMorgan Chase,
National Association,

        Plaintiff,

   v.

Markeeta Michelle Canyon, et al,

        Defendants.

Case No.: 1:10-cv-894

Judge Michael R. Barrett

## **OPINION & ORDER**

This matter is before the Court on Magistrate Judge Karen L. Litkovitz's December 29, 2010, Report and Recommendation ("Report") (Doc. 4) and Defendant Markeeta Michelle Canyon's corresponding Notice of Removal (Doc. 3). In the Report, Magistrate Judge Litkovitz recommends that Ms. Canyon's pro se petition for removal of a state-court action should be denied and that this matter should be remanded back to state court. (Doc. 4, 4.)

The parties were given proper notice, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties may waive further appeal if they fail to file objections in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).[1] Defendant has filed an Objection (Doc. 8). Plaintiff has not responded. Defendant's Objection is ripe for decision.

For the reasons stated below, the Court overrules Defendant's Objection and the Report is ADOPTED.

---

[1] Notice was attached to the Report regarding objections. (Doc. 4, 6.)

1

**I.     Background**

The facts of this case are sufficiently detailed in the Report and in Defendant's Objection. (*See* Doc. 4, 1–2; Doc. 8, 1–2.) Thus, the Court only repeats the most basic facts here.

This is a mortgage-foreclosure action initiated on June 28, 2010, in the Hamilton County, Ohio, Court of Common Pleas by Plaintiff JPMorgan Chase Bank. (Doc. 3, 2.) *See JPMorgan Chase Bank, Nat'l Ass'n v. Canyon*, No. A0907185 (Hamilton County, Ohio, Court of Common Pleas). Because Magistrate Judge Litkovitz granted Defendant leave to proceed *in forma pauperis*, her notice of removal was reviewed sua sponte to determine whether the Court has jurisdiction over this matter. (Doc. 4, 1.) The Report determined that removal is barred because the Court lacks subject-matter jurisdiction over this case. (Doc. 4, 4.) More specifically, removal is barred under 28 U.S.C. § 1441(b) and because the Court lacks federal-question jurisdiction. (Doc. 4, 3.)

Reading Defendant's Objection liberally, *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings."), Defendant makes the following two arguments: (1) removal under § 1441(b) was proper in this case (Doc. 8, 2); and (2) given that Plaintiff has "acted in willful bad faith," and given that if their situations were reversed Plaintiff would have a right to remove to federal court over Defendant's objection, Defendant should be "entitled to the same legal and lawful rights of removal to the United States District Court," based on principles of equity. (Doc. 8, 2–3). The Court addresses each of these objections in turn.

## II. Legal Analysis

### A. Standard of Review

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### B. Defendant's Objections

Defendant makes two overall arguments here. Each is analyzed below.

#### 1. First Objection—§ 1441(b)

Defendant's first argument, construed liberally, maintains that removal under § 1441(b) was proper in this case. (Doc. 8, 2.) The federal removal statute, 28 U.S.C. § 1441, allows removal of civil actions "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The party seeking removal, here Defendant, bears the burden of showing that the district court has original jurisdiction. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) (*citing Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989)). The removal statute is to be strictly construed, and in doubtful cases, the exercise of jurisdiction is to be rejected. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544

3

550–51 (6th Cir. 2006) (*citing Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996)).

Section 1441(a) sets the general standards for removability—a requirement of original jurisdiction—but § 1441(b) goes on to qualify the circumstances under which a claim may be removable in non-federal question cases.  Section 1441(b) states as follows:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b).  This tells us that unless a claim qualifies for federal-question jurisdiction, an action is not removable if any defendant is a citizen of the state in which the plaintiff initiated the action.  *See Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1061 (6th Cir. 2008) (*citing Eastman*, 438 F.3d at 549).  Here, there is no doubt or dispute that Defendant is a resident of Ohio—a citizen of the State in which this action was brought—thereby disqualifying removal under § 1441(b) unless federal-question jurisdiction can be established.

"'The scope of removal jurisdiction based on the existence of a federal question' is 'identical to the scope of federal question jurisdiction under 28 U.S.C. § 1331.'" *Warthman*, 549 F.3d at 1061 (*quoting Long*, 201 F.3d at 758).  Section 1331 states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Federal question jurisdiction can be established by showing 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a

4

substantial question of federal law.'" *Warthman*, 549 F.3d at 1061 (*quoting Thorton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990)). "In determining whether a claim arises under federal law for purposes of removal, we must examine the well-pleaded allegations on the face of the complaint and ignore any potential defenses." *Paluda v. ThyssenKrupp Budd Co.*, 303 F. App'x 305, 308 (6th Cir. 2008 (*citing Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)). This is the well-pleaded complaint rule. *Id.* On this issue, the Report states as follows:

> Ms. Canyon has failed to establish this Court has original federal question jurisdiction over this case. The state court complaint attached to Ms. Canyon's notice of removal does not show this case arises under the Constitution or laws of the United States. Ms. Canyon contends that the plaintiff in the state court action lacks standing to prosecute the action because the plaintiff failed to establish it was the real party in interest. Ms. Canyon also contends that the foreclosure action violates her constitutional and civil rights. However, even if Ms. Canyon asserts a federal defense to the state court foreclosure action, the existence of a defense based upon federal law is insufficient to support removal jurisdiction. *Franchise Tax Board* [*of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*], 463 U.S. [1] at 8–12 [(1983)]. Accordingly, Ms. Canyon has failed to meet her burden of showing federal question jurisdiction in this matter.

(Doc. 4, 4.) The Court sees no error in this analysis, and Defendant raises no specific or general objection to the existence of federal-question jurisdiction. (*See* Doc. 8.) As such, Defendant's first objection, as construed liberally by this Court—that removal under § 1441(b) was proper—is overruled.

### 2. Second Objection—Equitable Right to Remove

Defendant's second argument contends that because Plaintiff "acted in willful bad faith," and because if their situations were reversed Plaintiff would have a right to remove to federal court over Defendant's objection, Defendant should have the same

5

right of removal based on principles of equity. (Doc. 8, 2–3.) In essence, Defendant is arguing that the above jurisdictional rules, as applied to her situation, are unfair. She bases this on numerous points. First, she had no choice in defending the case in state court. That was Plaintiff's choice, not hers. Second, if Defendant had filed suit against Plaintiff in state court, Plaintiff would have the legal right to remove the case to federal court regardless of Defendant's wishes. Thus, because Plaintiff could have removed the case if their situations were reversed, Defendant should have that same right. Fourth, Defendant maintains that this Court should take into account that Plaintiff has "acted in willful bad faith," and for equity's sake, decline to remand the case back to state court. (Doc. 8, 2–3.)

While these arguments contain an elemental logic, the Court cannot ignore the law for the sake of "fairness" (from Defendant's perspective). A Senate Report explains the policy at issue here as follows:

> The underlying purpose of diversity of citizenship legislation (which incidentally goes back to the beginning of the federal judicial system, having been established by the Judiciary Act of 1789) is to provide a separate forum for out-of-state citizens against the prejudices of local courts and local juries by making available to them the benefits and safeguards of the federal courts.

S. Rep. 85–1830, 1958 U.S.C.C.A.N. 3099, 3102 (1958). The need to protect litigants from local bias "is absent, however, in cases where the defendant is a citizen of the state in which the case is brought." *Lively v. Wild Oats Mkts, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006). Simply put, because Defendant is an Ohio resident, she should have no reason to fear any potential bias of an Ohio court. Furthermore, Defendant provides no legal reasons (caselaw, statute, etc.) for why her Objection should be sustained—she

only appeals to notions of equity. As such, Defendant's second objection is overruled.

### III. Conclusion

Based on the foregoing, Defendant's Objection (Doc. 8) is **OVERRULED**, and the Report is **ADOPTED**. Accordingly, as the Report recommends (Doc. 4, 4–5), the Court **ORDERS** as follows:

1. Defendant Markeeta Michelle Canyon's petition for removal of a state-court action to this federal court is **DENIED**.
2. This matter is **DISMISSED** from the docket of the Court.
3. This matter is **REMANDED** back to the state court. See 28 U.S.C. § 1447(c).
4. The Court certifies, pursuant to 28 U.S.C. § 1915(a), that for the foregoing reasons, an appeal of this Order adopting the Report would not be taken in good faith. Therefore, Defendant Canyon is denied leave to appeal *in forma pauperis*. However, Defendant Canyon is advised that she remains free to apply to proceed *in forma pauperis* in the Court of Appeals. See *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999) overruling in part *Floyd v. USPS*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge

7